# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

LAUSTEVEION JOHNSON,

        Plaintiff,

vs.

RITA LITTLE, *et al.*,

        Defendants.

2:14-cv-00649-RFB-VCF

**ORDER**

MOTION FOR EXTENSION OF LEGAL COPYWORK LIMIT (ECF NO. 75)

Before the Court is Plaintiff Lausteveion Johnson's Motion for Extension of Legal Copywork Limit. (ECF No. 75). For the reasons discussed below, Plaintiff's motion is granted.

Plaintiff moves to increase his legal copywork account by $50.00 to file exhibits for the upcoming trial in this case. (*Id.*). Plaintiff states he can afford to make copies, but "[a]ccording to staff at HDSP, they are unaware of how Plaintiff can take money off one of his accounts to put it towards copywork." (*Id.*) In opposition, Defendants argue the Court should not extend the copywork limit because the claims proceeding to trial have not been identified and Plaintiff has admitted he is able to afford his own legal copies. (ECF No. 76 at 2).

At the time that Defendants filed their opposition, the parties were awaiting a written order addressing Defendants' motion for summary judgment. The Order has now been entered (ECF No. 77) and Plaintiff's First Amendment claims are proceeding to trial against several Defendants (*Id.* at 15). The parties have submitted a proposed pretrial order listing potential trial dates in January and February 2018. (ECF No. 73 at 8).

The right to meaningful access to the courts does not confer a right to free unlimited photocopies. See *Sands v. Lewis*, 886 F.2d 1166 (9th Cir. 1989) (citing *Jones v. Franzen*, 697 F.2d 801, 803 ("[B]road

as the constitutional concert of liberty is, it does not include the right to xerox." (7th Cir. 1983)); see also *Wanninger v. Davenport*, 697 F.2d 992, 994 (11th Cir. 1983); *Johnson v. Parke*, 642 F.2d 377, 380 (10th Cir. 1981); *Harrell v. Keohane*, 621 F.2d 1059, 1060-61 (10th Cir. 1980). Nevertheless, "it is fundamental that access of prisoners to the courts for the purpose of presenting their complaints may not be denied or obstructed." *Johnson v. Avery,* 393 U.S. 483, 485 (1969).

The Court finds that Plaintiff needs to copy exhibits in connection with the upcoming trial in this case, and that denying the motion to extend his copywork limit would prevent him from doing so. Forcing Plaintiff and the staff at HDSP to find another way to pay for copies could interfere with the timing of the trial, as the parties' proposed pretrial order lists potential trial dates in January and February 2018. In addition, the court recognizes that Plaintiff is not seeking free copies and that he will make payments towards his copywork balance. $50.00 appears to be a reasonable limitation on Plaintiff's copywork privilege so as to not subject the Court to excessive and unnecessary trial documentation. *See* Federal Rule of Civil Procedure 1 (the rules must be "construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding.").

Accordingly, and for good cause shown,

IT IS HEREBY ORDERED that Plaintiff's Motion for Extension of Legal Copywork Limit (ECF No. 75) is GRANTED and Plaintiff's fund is increased an additional $50.00.

DATED this 7th day of November, 2017.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE